FCC NATIONAL BANK d/b/a First Card, Plaintiff/Appellant,

v.

Shirley WILLIS, Defendant/Appellee.

In the Matter of Shirley WILLIS, Debtor.

Civil No. 96–373–CV–W–1.
Adversary No. 95–4147.
Bankruptcy No. 94–41630.

United States District Court,
W.D. Missouri,
Western Division.

Aug. 7, 1996.

---

Mark J. Schultz, Kansas City, MO, for plaintiff.

C. Carl Kimbrell, Kansas City, MO, for defendant.

### ORDER

WHIPPLE, District Judge.

Pending before the Court is an appeal from a judgment of the Bankruptcy Court

denying Plaintiff/Appellant's ("First Card") complaint objecting to the dischargeability of debt and granting judgment in favor of Debtor/Defendant/Appellee ("Debtor"). Appellant filed its brief with the Court on May 31, 1996. Debtor has failed to file a brief in opposition. Therefore, the Court will consider only Appellant's brief and the record below in ruling on this appeal. The facts of this case and the pertinent legal authorities are adequately set forth in the bankruptcy court's Order of January 16, 1996, *In re Willis*, 190 B.R. 866 (Bankr.W.D.Mo.1996), and the brief filed by First Card. Consequently, they will be repeated here only to the extent necessary.

Debtor owes First Card approximately $6,824.50 in credit card debt. After Debtor filed for bankruptcy, First Card sought to have this debt declared nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A), because it was allegedly obtained by fraudulent means. The bankruptcy court held that First Card could not demonstrate that it had justifiably relied on the false representations made by Debtor and, therefore, could not satisfy one of the five elements necessary to establish fraud. In so holding, the bankruptcy court specifically referred to the standard for reliance announced by the Supreme Court in *Field v. Mans*, ─── U.S. ───, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). In addition, the bankruptcy court found that First Card had offered no evidence to show what facts were available to it when Debtor began to extensively use its credit card and, thus, could not show that its reliance was justifiable. *In re Willis*, 190 B.R. at 870. This Court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985).

After a review of the applicable law and the entire record including First Card's brief, the bankruptcy court's January 16, 1996 memorandum opinion, and the December 12, 1995 trial transcript, the Court finds that the bankruptcy court's findings of fact were not clearly erroneous. Furthermore, the bankruptcy court's legal analysis and decision were sound. Accordingly, this Court will not disturb the bankruptcy court's conclusion that the debt in question is dischargeable. It is therefore

ORDERED that the judgment of the bankruptcy court is affirmed.